UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONNE GIBSON, | Case No. 25-cv-2711 (JWB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter is before the Court on Plaintiff Tyrone Gibson's Motion for Discovery (Dkt. No. 20.) The Court heard oral argument on the Motion on December 10, 2025, at which Mr. Gibson was represented by Denise Yegge Tataryn and Defendant Unum Life Insurance Company of America ("Unum") was represented by Jacqueline J. Herring. After review of the parties' briefs and oral argument, the Court grants Mr. Gibson's Motion.

Mr. Gibson brings this case against Unum under the Employee Retirement Income Security Act ("ERISA"), alleging two counts. First, Mr. Gibson seeks monetary damages in the form of benefits due, alleging that he "submitted sufficient proof to support that he is disabled" under his disability insurance plan with Unum, which denied his claim. (*See* Compl. ¶¶ 42–46, Dkt. No. 1.) Second, he seeks equitable relief "under the equitable theory of surcharge for the harm caused by Defendant's breaches of fiduciary duty," which he alleges Unum owed him as the claims administrator for his policy. (*See id.*, at ¶¶ 47–56.)

1

Typically, Plaintiffs are not entitled to discovery beyond the administrative record in an ERISA disability insurance coverage action. *Larson v. Minnesota Chamber Bus. Servs., Inc. Emp. Welfare Plan*, 114 F. Supp. 2d 867, 869 (D. Minn. 2000) (citing *Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 777 (8th Cir.1998). That rule generally applies to cases where Plaintiffs are seeking judicial review of a denial of benefits. However, the scope of discovery may be expanded if a Plaintiff shows good cause. *See Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 871 (8th Cir. 2008).

Here, Mr. Gibson seeks discovery beyond the administrative record to show that Unum breached the fiduciary duty it owed to him, particularly when Unum allegedly "lie[d] about the opinions of Gibson's treating physicians regarding his restrictions and [made] limitations … with the intention of denying a valid and supported claim for LTD benefits," (Compl. ¶ 49, Dkt. No. 1) and "failed to address Plaintiff's concerns with Unum's review to ensure a full and fair review process." (*Id*. at ¶ 50.) Mr. Gibson argues that because he alleges misrepresentations by Unum the administrative record alone cannot provide the information he needs to fully litigate his claim for breach of fiduciary duty. (Pl's. Mem. in Supp. 6–7, Dkt. No. 22.) Among the specific issues that Mr. Gibson seeks to investigate in discovery outside the record are 1) a correct and full record of the conversation between his treating physician and the Unum physician; 2) whether the Unum physician lied about that conversation; 3) why Unum relied on the Unum physician after Mr. Gibson raised his concerns about the alleged lie; 4) a full understanding of the qualifications of the nurse who opined on Mr. Gibson's condition; and 5) whether Unum "compl[ied] with its obligations under the Regulator Settlement Agreement." (*Id*.)

Unum argues that Mr. Gibson's claim for breach of fiduciary duty is duplicative of his claim for benefits owed and is not a legitimate claim but an impermissible end-run around "ERISA's goal of inexpensive and expeditious resolution of claims." (Def.'s Mem. in Opp. 3, Dkt. No. 33.) Unum's argument is that all of Mr. Gibson's allegations fall within a large category of alleged breaches that exist "in the context of Unum's determination that he failed to qualify for payment of disability benefits under the Plan." (*Id*. at 11.)

Three courts in this District, in two separate cases, have addressed the precise issue raised here in recent months and concluded that a Plaintiff asserting a breach of fiduciary duty claim, alongside a separate claim for payment of benefits under ERISA, is entitled to discovery beyond the administrative record. On December 17, 2025, Magistrate Judge Schiltz held that "[d]iscovery on breach-of-fiduciary duty claims—even those alleged to be duplicative—is thus a natural consequence of this Eighth Circuit precedent." *Krebsbach v. Travelers Pension Plan*, No. 24-cv-257 (DWF/DTS), Dkt. No. 61 at 11 (D. Minn. Dec. 17, 2025) (citing *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014); *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 545–47 (8th Cir. 2017)). That decision came after the District Judge in that case, Judge Donovan Frank, held that "[the plaintiff's] claim for benefits due under § 1132(a)(1)(B) does not preclude recovery under § 1132(a)(3) for alleged breach of fiduciary duty," *Krebsbach v. Travelers Pension Plan*, No. CV 24-257 (DWF/TNL), 2024 WL 4792310, at *4 (D. Minn. Nov. 14, 2024), and acknowledged that "plaintiffs should be permitted to conduct discovery." *Id*. at *3.

In a case decided just a month before *Krebsbach*, Magistrate Judge Douglas Micko granted a motion identical to that filed here because determination of the breach of

3

fiduciary duty claim requires the court to consider facts outside the administrative record. *Danks v. Unum Life Insurance Company of America*, No. 25-cv-2801 (JMB/DLM), Dkt. No. 27 at 11 (D. Minn. Dec. 17, 2025). *Danks* is particularly persuasive here because it involves the same defendant, Unum, and the same counsel representing *both* the plaintiff and the defendant. (*See Danks*, Minute Entry at Dkt. No. 20.) In fact, in reviewing Unum's brief in opposition to Mr. Gibson's motion here (*Gibson*, Dkt. No. 30) and comparing it to its brief filed in *Danks*, (*Danks*, Def.'s Mem. in Opp., Dkt. No. 25), the two are indistinguishable beyond the facts specific to each plaintiff's respective claims and denials of those claims. In the litigation before the undersigned, Unum did not, however, even mention the order in *Danks*, despite the fact that Judge Micko had rejected Unum's arguments just 14 days before it filed the same arguments in this case.[1] Further, when the Court pressed Unum's counsel on its failure to distinguish or even acknowledge the *Danks* ruling in its briefing, Unum's counsel was either unable or unwilling to provide any meaningful justification for the omission.

Unum has not provided the Court with any grounds for departing from the conclusions of the *Danks* and *Krebsbach* courts. While those decisions are not binding authority, the Court concurs with the thorough analysis of this issue in those orders and grants Mr. Gibson's Motion.

The scope of discovery in a civil case is determined, first and foremost, by the allegations and defenses in the parties' respective pleadings. *See* Fed. R. Civ. P. 26(b)(1).

---

[1] The Court notes that Mr. Gibson's brief did include a discussion of *Danks*, even though Mr. Gibson's brief was submitted only five days after Judge Micko's order in *Danks*.

4

If discovery is relevant to a claim or defense and proportional to the needs of the case, discovery is appropriate. *Id*. Accordingly, the Court must look to the Complaint and the Answer for what is discoverable, and in the absence of a motion to dismiss under Rule 12(b)(6) (and no such motion was filed in this case), the Court assumes that the complaint is adequately pleaded. Doing so, the Court determines that Mr. Gibson is entitled to discovery on his claims that Unum and its employees made factual misrepresentations about the assessment of Mr. Gibson's treating doctor or other aspects of the claims review process, as alleged in the Complaint (*see* Compl. ¶¶ 26, 33, 49). The Court agrees with Mr. Gibson and other courts in this District that such misrepresentations would not have been recorded by Unum in the administrative record. *See Danks* at p. 3; *Whitley v. Standard Insurance Co.*, Case No. 13-cv-1335 (MJD/LIB), 2014 WL 12605460, *5 (D. Minn. Feb. 14, 2014).

In granting the motion for discovery, the Court of course expresses no view on the merits of the breach of fiduciary duty claim as this case goes forward. In fact, the Court has hesitations about the viability of a breach of fiduciary duty claim where such a claim alleges the denial of the claim itself as its sole basis. But a court can find a claim well-pleaded and still entertain skepticism about the likelihood of success on that claim at trial. Unum did not move to dismiss the breach of fiduciary duty claim under Fed. R. Civ. P. 12(b)6) for failure to state a claim upon which relief could be granted and provided no reason beyond litigation strategy for its decision not to do so. The Court finds that discovery beyond the administrative record is appropriate here. At this stage in the litigation, it is too soon to determine whether and to what extent all the facts relevant to

Mr. Gibson's breach of fiduciary duty claim will be found in the administrative record, and Mr. Gibson has met the good cause standard for the Court to allow additional discovery that may uncover relevant information that will not be found in the administrative record.

The parties are directed to meet and confer regarding a proposed amended pretrial scheduling order and submit a Rule 26(f) Report no later than February 6, 2026. After receiving the Report, the Court will issue a revised pretrial scheduling order.

**SO ORDERED.**

Date:  January 22, 2026

                                          *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge