**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Tyronne Gibson,

Plaintiff,

v.

Unum Life Insurance Company of America,

Defendant.

Civ. No. 25-2711 (JWB/JFD)

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE ORDER**

---

Denise Yegge Tataryn, Esq., Nolan Thompson Leighton & Tataryn PLC, counsel for Plaintiff.

Jacqueline J. Herring, Esq., and Margaret Ann Santos, Esq., Hinshaw & Culbertson LLP, counsel for Defendant.

---

Plaintiff Tyronne Gibson sued Defendant Unum Life Insurance Company of America ("Unum") following the denial of his claim for long-term disability benefits. Gibson asserts a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and a claim for equitable relief under § 1132(a)(3) based on alleged breaches of fiduciary duty. (Doc. No. 1, Compl. ¶¶ 42–46, 47–56.)

The present dispute concerns discovery on the § 1132(a)(3) claim. On January 22, 2026, Magistrate Judge John F. Docherty granted Gibson's motion to conduct discovery beyond the administrative record on that claim. (Doc. No. 35.) Unum objects. (Doc. No. 37.) The objections are overruled.

## BACKGROUND

Gibson's Complaint asserts two ERISA claims arising from Unum's denial of long-term disability benefits. Count I seeks benefits under 29 U.S.C. § 1132(a)(1)(B). Count II seeks equitable relief under § 1132(a)(3) based on alleged breaches of fiduciary duty in Unum's handling of the claim. (Doc. No. 1, Compl. ¶¶ 42–46, 47–56.)

The discovery dispute concerns only Count II. Gibson seeks discovery outside the administrative record concerning Unum's claims-handling process. Among other things, he seeks information about a conversation between his treating physician and an Unum physician reviewer, whether the Unum physician accurately reported that conversation, why Unum continued to rely on the reviewer after Gibson raised concerns about the account, and other aspects of Unum's review process. (Doc. No. 22 at 6–7; Doc. No. 35 at 2.)

Unum opposes that discovery, arguing that Count II is not meaningfully distinct from the benefits claim in Count I and that any challenge to the manner in which Unum administered the claim is irrelevant because entitlement to benefits will be reviewed de novo. (Doc. No. 30 at 2.) Judge Docherty rejected that position. He concluded that Gibson's separately pleaded fiduciary-duty theory could involve facts not contained in the administrative record and that discovery beyond that record was therefore appropriate. (Doc. No. 35 at 3–6.) At the same time, he expressly declined to decide the ultimate merits or viability of Count II. (*Id*. at 5.) Unum now seeks review of that discovery ruling under Federal Rule of Civil Procedure 72(a), contending that the order is clearly erroneous and contrary to law. (Doc. No. 37.)

## DISCUSSION

A magistrate judge's order on a nondispositive matter may be modified or set aside only if it is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). A ruling is clearly erroneous when review of the record leaves a "definite and firm conviction that a mistake has been committed," and is contrary to law when it "fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (quotations and citations omitted).

That standard is consequential here. The question is not whether discovery beyond the administrative record would have been granted in the first instance. It is whether Judge Docherty clearly erred or acted contrary to law in allowing discovery directed to Gibson's separately pleaded § 1132(a)(3) claim.

Unum argues that Count II is not meaningfully distinct from Count I. According to Unum, Gibson has repackaged complaints about the administration of his benefits claim as breaches of fiduciary duty and seeks, in substance, the same benefits under both counts. Unum further argues that because the benefits claim will be reviewed de novo, alleged deficiencies in Unum's claim-handling process are irrelevant. (Doc. No. 37 at 2, 5–14.)

Eighth Circuit precedent supports the conclusion that permitting discovery at this stage was not clearly erroneous or contrary to law. In *Silva v. Metropolitan Life Insurance Co.*, the Eighth Circuit considered whether a plaintiff pursuing benefits under § 1132(a)(1)(B) could also pursue equitable relief under § 1132(a)(3). 762 F.3d 711, 726–

28 (8th Cir. 2014). Relying in part on *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), *Silva* held that *Varity Corp. v. Howe*, 516 U.S. 489 (1996), does not require a plaintiff to elect between the two statutory theories at the pleading stage. *Silva*, 762 F.3d at 726–27. Rather, *Varity* prohibits duplicate recovery. *Id.* at 726. *Silva* permitted the plaintiff to plead both theories and explained that the extent of any duplication and the adequacy of one remedy are more readily assessed after the claims have been developed. *Id.* at 726–28.

*Jones v. Aetna Life Insurance Co.* is even more directly applicable. 856 F.3d 541 (8th Cir. 2017). There, as here, the plaintiff asserted a disability-benefits claim under § 1132(a)(1)(B) and a fiduciary-duty claim under § 1132(a)(3). The fiduciary-duty claim concerned the claims-handling process, including allegations that Aetna used claims examiners with conflicts of interest. *Id.* at 544–47. Although the two counts sought functionally identical relief, the Eighth Circuit held that they asserted different theories of liability and could both be pleaded. *Id.* at 547.

The distinction made in *Jones* is important here. The benefits claim alleged that Aetna denied benefits due under the plan. *Id.* The fiduciary-duty claim alleged that Aetna used a claims-handling process that breached its fiduciary obligations. *Id.* The Eighth Circuit explained that liability under § 1132(a)(3) flowed from the allegedly improper process, not from the denial of benefits itself. *Id.*

Unum relies heavily on *Varity* and argues that § 1132(a)(3) cannot support a separate claim where the alleged fiduciary misconduct occurred during administration of a benefits claim. But *Jones* considered the relationship among *Varity*, *Amara*, and *Silva*.

It held that *Silva* controls in light of *Amara* and rejected an effort to confine *Silva* to its particular facts. *Jones*, 856 F.3d at 546–47. *Jones* then applied that rule to alleged fiduciary misconduct occurring in the claims-handling process itself. *Id.* at 547. *Varity*, therefore, does not establish that Judge Docherty's ruling was contrary to law.

Gibson's allegations here also concern the claims-handling process. As Judge Docherty explained, Gibson seeks discovery concerning, among other things, whether an Unum physician misrepresented a conversation with Gibson's treating physician and why Unum relied on that physician after Gibson raised concerns about the alleged misrepresentation. (Doc. No. 35 at 2.) Judge Docherty concluded that discovery concerning those allegations may uncover information relevant to the fiduciary-duty claim that is not contained in the administrative record. (*Id.* at 5–6.) Given *Silva* and *Jones*, that conclusion was not clearly erroneous or contrary to law.

Unum's reliance on de novo review does not dictate a different outcome. The parties do not dispute that discovery on Gibson's § 1132(a)(1)(B) benefits claim is limited to the administrative record. (Doc. No. 37 at 4; Doc. No. 38 at 2.) And Unum is correct that alleged deficiencies in its decision-making process do not determine whether Gibson was disabled and entitled to benefits under the Plan on de novo review.

But the discovery order did not authorize discovery to expand the record on the benefits claim. The discovery at issue is directed to Count II. Whether evidence concerning Unum's claim-handling process is material to the independent determination of disability under Count I is a different question from whether such evidence may be relevant to Gibson's separately pleaded fiduciary-duty theory. *Jones* recognizes that

distinction. 856 F.3d at 547. De novo review of Count I therefore does not demonstrate clear error in allowing discovery directed to Count II.

Unum also points to 29 C.F.R. § 2560.503-1(l)(2) and argues that the remedy for a failure to provide the "full and fair review" required by ERISA's claims procedures is de novo judicial review, not a separate fiduciary-duty remedy. (Doc. No. 37 at 13.) But that argument misses the mark on the discovery issue presented here. Gibson's Count II allegations are not limited to an asserted regulatory failure to provide a full and fair review. They include alleged factual misrepresentations concerning communications with his treating physician and Unum's continued reliance on the physician reviewer after Gibson raised those concerns. (*See* Doc. No. 1 at ¶¶ 25–27, 33.) Whether a violation of the claims-procedure regulation, standing alone, could support relief under § 1132(a)(3) need not be decided to determine whether Judge Docherty clearly erred in permitting discovery concerning the broader fiduciary-duty theory pleaded.

Unum further argues that discovery is unnecessary because the administrative record already documents the claims-review process and Gibson's objections to it. But Judge Docherty reached a different conclusion. He determined that discovery could bear on alleged factual misrepresentations that would not necessarily appear in Unum's own administrative record and concluded that, at this stage, it was too soon to determine whether all information relevant to Count II was already contained there. (Doc. No. 35 at 5–6.) That discovery determination does not leave a definite and firm conviction that a mistake was made. Federal Rule of Civil Procedure 26 is a proper avenue to address cumulative, duplicative, or disproportionate discovery as the case proceeds.

Unum also attempts to distinguish the District of Minnesota decisions on which Judge Docherty relied, arguing that *Danks*, *Krebsbach*, and *Whitley* involved different forms of alleged fiduciary misconduct. Those distinctions do not establish reversible error. Those decisions are persuasive rather than controlling in the first place, and the controlling point comes from *Jones*, which itself involved alleged misconduct in the claims-handling process. *See Jones*, 856 F.3d at 547.

Nor does ERISA's interest in the inexpensive and expeditious resolution of benefits disputes require a different result. That interest does not eliminate otherwise relevant discovery on a separately pleaded fiduciary-duty theory recognized by Eighth Circuit precedent. Rule 26 remains the mechanism for ensuring that such discovery is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Affirming the discovery order also does not decide whether Count II ultimately succeeds. Judge Docherty expressly declined to address the merits of the fiduciary-duty claim and acknowledged questions concerning its ultimate viability. (Doc. No. 35 at 5.) *Silva* likewise recognized that whether two ERISA claims are truly duplicative may be easier to determine after the record develops. 762 F.3d at 727. It expressly left open whether a plaintiff may later be required to elect which theory to pursue at trial "once full discovery has been conducted." *Id.* at 728 n.13. Unum therefore remains free to challenge Count II at an appropriate later stage. Nothing in this ruling decides the ultimate availability of relief under § 1132(a)(3) or whether any recovery on Count II would duplicate relief available under Count I.

Decisions from this District reach the same result. *See Danks v. Unum Life Insurance Co. of America*, No. 25-CV-2801 (JMB/DLM), Doc. No. 35, at 4–5 (D. Minn. Feb. 5, 2026); *Krebsbach v. Travelers Pension Plan*, No. 24-257 (DWF/TNL), 2024 WL 4792310, at *3–4 (D. Minn. Nov. 14, 2024). Although not controlling, those decisions are consistent with *Silva* and *Jones* and support Judge Docherty's treatment of the discovery issue.

Affirmance does not authorize open-ended discovery. Rule 26 continues to govern relevance and proportionality, and discovery may be limited as appropriate to the fiduciary-duty theory pleaded. Nothing in this ruling expands the evidentiary record governing Count I.

Gibson also requests attorney's fees incurred in responding to Unum's objections, arguing that Unum has repeated arguments already rejected by this District and the Eighth Circuit. (Doc. No. 38 at 8.) Although Unum has not prevailed, its objections raised nonfrivolous questions regarding the scope of discovery and the relationship between §§ 1132(a)(1)(B) and 1132(a)(3). The request for attorney's fees is therefore denied.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. The January 22, 2026 Order (Doc. No. 35) is **AFFIRMED**.

2. Defendant Unum Life Insurance Company of America's objections (Doc. No. 37) are **OVERRULED**.

3. Plaintiff Tyronne Gibson's request for attorney's fees (Doc. No. 38 at 8) is **DENIED**.

Date: October 5, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge